```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                :
EMEKA WILSON,                   :
                                :   Civil Action No. 09-4860 (FSH)
                Petitioner,     :
                                :
        v.                      :   **OPINION**
                                :
STATE OF NEW JERSEY,            :
                                :
                Respondent.     :
_____ :


**APPEARANCES**:

Petitioner pro se
Emeka Wilson
Essex County Jail
Newark, NJ 07101

**HOCHBERG**, District Judge

This matter has come before the Court on the Petition of Charles Whitlock, cousin to Emeka Wilson, a pre-trial detainee confined at Essex County Jail in Newark, New Jersey, for a writ of habeas corpus,[1] alleging that Wilson is detained pursuant to an excessive bail and otherwise in violation of his due process rights.[2]

___

[1] The Petition asserts jurisdiction under 28 U.S.C. § 2254. For state prisoners, § 2254 is a post-conviction remedy. Jurisdiction to grant the writ to pre-trial detainees exists, however, under 28 U.S.C. § 2241.  See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).

[2] The Petition is accompanied by an incomplete application for leave to proceed in forma pauperis, which contains no financial information about either Emeka Wilson or Charles Whitlock.

## II.   BACKGROUND

The Petition asserts, in conclusory fashion, that Emeka Wilson is being detained pursuant to an excessive bail of $500,000.00, and that Emeka Wilson was denied due process of law. The Petition does not state the nature of the charges against Wilson, nor the status of the state proceedings, nor does it allege that any state remedies to challenge the bail or other alleged due process violations have been pursued.  To the contrary, the response to most questions in the form Petition is "N/A."  In response to one question regarding exhaustion of state remedies, the response is "This is the habeas corpus filing." (Petition, ¶ 12.)

The Petition does not state the specific nature of the relief requested.

## II.   DISCUSSION

### A.   "Next Friend" Standing

This Petition is before the Court pursuant to the application of the detainee's cousin Charles Whitlock.[3]  Thus, this Court must determine whether Whitlock has standing to pursue this claim as the detainee Emeka Wilson's "next friend."

---

[3] See, e.g., 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." (emphasis added)).  This Petition was signed by Charles Whitlock, cousin to the prisoner Emeka Wilson.

2

Article III of the United States Constitution grants the federal courts jurisdiction over only "cases and controversies." The "standing" doctrine "serves to identify those disputes which are appropriately resolved through the judicial process." In re Zettlemoyer, 53 F.3d 24, 26 (3d Cir. 1995) (citations omitted) (in habeas proceeding, denying "next friend" standing to prisoner's mother and prior attorney). "Where standing is lacking, the federal courts lack the power to grant habeas relief." Id.

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. Davis v. Austin, 492 F.Supp. 273, 275-276 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing). The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.
>
> These limitations on the "next friend" doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends."

> Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (citations omitted).

Here, Charles Whitlock has alleged no facts to suggest that the prisoner is under a disability which renders him unable to appear here in his own behalf. The mere fact of confinement is not sufficient. Nor does Mr. Whitlock allege any facts that would permit this Court to find that he has the type of significant relationship with the prisoner that would justify appearing here as his "next friend." Mere familial relationship is not sufficient. Accordingly, this Court will deny Charles Whitlock's application to prosecute this Petition as Emeka Wilson's "next friend" and will dismiss the Petition without prejudice for lack of jurisdiction.

B.   Pre-Trial Habeas Relief

In the alternative, to the extent this Court may exercise jurisdiction to address the Petition, it will be dismissed without prejudice for failure to exhaust state remedies.

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1)   federal courts have "pre-trial" habeas corpus jurisdiction;

    (2)    that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

    (3)    where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Here, the answers in the Petition to questions regarding exhaustion of state remedy are all "N/A," except the one answer that "This is the habeas corpus filing." The Petition contains no factual allegations suggesting "extraordinary circumstances" that would justify this Court's intervention in a pending state criminal proceeding.

C.    <u>Certificate of Appealability</u>[4]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

---

[4] Because jurisdiction was asserted under 28 U.S.C. § 2254, this Court will address whether a certificate of appealability should issue.

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural rulings are correct. No certificate of appealability shall issue.

### III. CONCLUSION

Therefore, for the reasons expressed herein, the Petition will be dismissed without prejudice. An appropriate order follows.

S/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: October 7, 2009

6